IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00617-KDB-WCM

| | |
|---|---|
| CARISSA BROWN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  **MEMORANDUM AND**<br>)  **RECOMMENDATION**<br>) |
| UNITED STATES, et al. | )<br>) |
| Defendants. | )<br>) |

This matter is before the Court on the following:

1. Motion to Dismiss by the United States of America, United States Attorney Dena J. King, former United States Attorney R. Andrew Murray, Assistant United States Attorney ("AUSA") Maria Vento, AUSA Benjamin Bain-Creed, and IRS-CI Special Agent Nicolas Dohy, in their individual and official capacities ("Executive Branch Officials") (Docs. 17, 18);

2. Motion to Dismiss by the United States of America, Judge Max O. Cogburn Jr., Judge David S. Cayer, Judge David Keesler, and Courtroom Deputy/Technology Coordinator Angela Smith, in their individual and official capacities ("Judicial Branch Officials") (Docs. 21, 22);

3. "Motion to Deem Allegations Admitted" by Carissa Brown (Doc. 32); and

4. Motion for Summary Judgment by Carissa Brown (Doc. 37).

These Motions have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.[1]

## I. Relevant Background

In a Bill of Information filed on December 1, 2020, Carissa Brown ("Ms. Brown") was charged with one count of wire fraud and one count of money laundering. See United States v. Carissa Brown, 3:20-CR-415 (W.D.N.C.) (the "Criminal Action").

Ms. Brown agreed to enter a plea of guilty to both counts and, on December 11, 2020, the Honorable David Cayer, United States Magistrate Judge, accepted her plea following a hearing.

Subsequently, but before her sentencing hearing was conducted by the Honorable Max O. Cogburn Jr., United States District Judge, Ms. Brown began making numerous filings in the Criminal Action. See e.g., Criminal Action, Doc. 30 ("Motion for Dismissal – Subject Matter Jurisdiction"); Doc. 41 ("Objection to Proceeding").

---

[1] Defendants' Joint Motion for Protective Order (Doc. 35) is also pending and has been addressed by a separate Order filed contemporaneously herewith.

By Order entered on September 12, 2022, the Honorable David Keesler, United States Magistrate Judge, directed that Ms. Brown's conditions of pretrial release be revoked and that she be detained pending further proceedings. Criminal Action, Doc. 58.

On November 10, 2022, Ms. Brown, appearing *pro se*, filed this civil action. In her Complaint, Ms. Brown asserts constitutional and state law tort claims, as well as a claim for conspiracy pursuant to 18 U.S.C. § 371, against persons who have been involved in the Criminal Action.

On February 6, 2023, the Executive Branch Officials filed their Motion to Dismiss. Docs. 17, 18. On February 13, 2023, the Judicial Branch Officials filed a similar Motion to Dismiss. Docs. 21, 22. In these Motions, Defendants contend that Ms. Brown's claims are barred by various immunity doctrines, and that her Complaint otherwise fails to state a claim.

Ms. Brown subsequently responded to both Motions to Dismiss, and Defendants indicated that they did not intend to file replies. Docs. 24, 25, 26, 27.

On March 14, 2023, Ms. Brown filed the "Motion to Deem Allegations Admitted." Doc. 32. Defendants filed responses in opposition the same day. Docs. 33, 34.

On April 11, 2023, Ms. Brown filed a Motion for Summary Judgment. Doc. 37. Defendants filed a Joint Response in opposition on April 17. Doc. 38.

Ms. Brown has not filed a reply supporting either the Motion to Deem Allegations Admitted or the Motion for Summary Judgment, and the time for doing so has expired. Therefore, the Motions to Dismiss, Motion to Deem Allegations Admitted, and Motion for Summary Judgment are ripe for disposition.

## II. The Motions to Dismiss

### A. The Parties

#### 1. Plaintiff

As noted, the claims in this matter have been filed by Ms. Brown.

Although the docket lists Henry Brown as an additional plaintiff, it does not appear that Mr. Brown is making any claims.

#### 2. Defendants

The Complaint purports to name the United States, Judge Cayer, AUSA Bain-Creed, AUSA Vento, Judge Cogburn, and Judge Keesler as defendants. Doc. 1.

However, it appears that Ms. Brown has also attempted to serve the following individuals: United States Attorney King, former United States Attorney Murray, Agent Dohy, and Ms. Smith. See Doc. 4. These individuals are listed on the docket as additional defendants.[2]

---

[2] The undersigned has analyzed the Motions to Dismiss with a primary focus on the defendants named in the Complaint, but the analysis set out below applies equally to

B. Immunity Issues

1. Individual Capacity Claims

The question of whether defendants are entitled to absolute immunity in their individual capacities may be considered on a motion to dismiss pursuant to Rule 12(b)(6) "where the issue presented is purely a legal determination based on the facts alleged in the complaint." Hyatt v. Town of Lake Lure, 225 F.Supp.2d 647, 656 (W.D.N.C. 2002) (citing Barnes v. Winchell, 105 F.3d 1111, 1114-16 (6th Cir. 1997) (reviewing a ruling of a district court on a motion to dismiss based on absolute judicial immunity)); see also Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (analyzing claim for absolute prosecutorial immunity pursuant to standard governing motions to dismiss).

a. Prosecutorial Immunity

"A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Nero v. Mosby, 890 F.3d 106, 117-18 (4th Cir. 2018); Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (claim against prosecutor in his individual capacity were barred by prosecutorial immunity).

---

the other parties listed on the docket, to the extent they may also be considered defendants.

Here, Ms. Brown's claims against AUSA Vento and AUSA Bain-Creed arise out the criminal charges brought by the Government. Accordingly, those claims are barred by absolute prosecutorial immunity and should be dismissed.[3] See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009); Nivens, 444 F.3d at 250; Ostrzenski v. Seigel, 177 F.3d 245, 248, 252–53 (4th Cir. 1999) (upholding a dismissal with prejudice based on absolute immunity principles).

### b. Judicial Immunity

Judicial officers "are entitled to absolute immunity for acts performed in their judicial capacity." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Timmerman v. Brown, 528 F.2d 811 (4th Cir.1975)). "Judicial immunity protects judges not just from damages being assessed against them, but from suit itself." Laera v. Rosenbaum, No. 3:15-cv-371-RJC-DCK, 2016 WL 6775638, at *4 (W.D.N.C. Nov. 15, 2016) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); see also Combs v. Ashe County, No. 5:14-CV-136, 2016 WL 3625551, at *4 (W.D.N.C. July 6, 2016) (plaintiff's claims against state district court judge in defendant's official capacity were barred by sovereign immunity, while individual capacity claims were barred by judicial immunity); accord Camacho

---

[3] To the extent the Court considers Ms. Brown to have also named United States Attorney King or former United States Attorney Murray as defendants, they are likewise entitled to absolute prosecutorial immunity.

v. Hughes, No. 3:17-cv-00613-FDW, 2018 WL 2452182, at *4 (W.D.N.C. May 31, 2018).

Ms. Brown's Complaint attempts to assert claims against Judge Cogburn, Judge Cayer, and Judge Keesler based on their participation, as judicial officers, in the Criminal Action. Accordingly, such claims are barred by judicial immunity and should be dismissed. See Stump v. Sparkman, 435 U.S. 349, 359 (1996); Imbler, 424 U.S. at 419; see also Mills v. Marchant, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2–3 (D.S.C. June 4, 2019), adopted, 2019 WL 2644216 (D.S.C. June 27, 2019) (noting that dismissal with prejudice is proper under 28 U.S.C. § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous).[4]

### 2. Official Capacity Claims/Sovereign Immunity

Claims against the individual Defendants in their official capacities for monetary damages are tantamount to claims against the United States. See Nivens, 444 F.3d at 249 ("Appellants made a claim for monetary damages against Gilchrist in his official capacity. Such a claim, in effect, is against the governmental entity employing Gilchrist") (citing Kentucky v. Graham, 473

---

[4] To the extent the Court considers Ms. Brown to have also named Ms. Smith as a defendant, she is likewise entitled to absolute immunity. See Skillings v. Knott, 251 F.Supp.3d 998, 1004-1005 (E.D. Va. 2017) (judicial employees acting "in obedience to a judicial order or under the court's direction" are entitled to "derivative absolute immunity") (collecting cases).

7

U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Generally, a waiver of sovereign immunity "must be unequivocally expressed in [the] statutory text," "will not be implied," and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Herndon v. Astrue, No. 5:10–CV–175–RLV–DCK, 2011 WL 7971757, at *7 (W.D.N.C. Sept. 15, 2011) ("It is axiomatic that the United States cannot be sued without its consent….").

The question of sovereign immunity may be considered in the context of a motion to dismiss pursuant to Rule 12(b)(1). Quinn v. North Carolina Dept. of Health and Human Services, No. 3:19-cv-00391-FDW-DCK, 2020 WL 369290, at *3 (W.D.N.C. Jan. 22, 2020) ("A motion to dismiss based on sovereign immunity is properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure") (citing Jones v. Union Cty. Sheriff's Office, No. 3:18-CV-00509-KDB-DCK, 2019 WL 5692753, at *6 (W.D.N.C. Nov. 4, 2019)).

Here, with respect to Ms. Brown's constitutional tort claims, there is an implied cause of action for monetary damages against federal officials, in their individual capacities, who violate Fourth Amendment rights. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

However, sovereign immunity has not been waived for such claims against the United States. See Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("the United States has not waived sovereign immunity in suits claiming constitutional torts").

With respect to Ms. Brown's state law tort claims, the Federal Tort Claims Act provides a waiver of sovereign immunity in limited circumstances. However, sovereign immunity has not be waived for claims, such as Ms. Brown's, that are alleged to arise "out of…false imprisonment, false arrest, malicious prosecution, [or] abuse of process…." See 28 U.S.C. § 2680(h); Brown v. United States, No. 1:22-CV-00404, 2023 WL 2632811, at *17 (M.D. Pa. March 24, 2023) ("if the conduct arises from any of the torts enumerated in Section 2680(h), then Plaintiff's tort claim for intentional infliction of emotional distress is barred by the express language of the statute") (citing United States v. Shearer, 473 U.S. 52, 55 (1985)).

Finally, the United States has not consented to be sued under 18 U.S.C. § 371 for criminal conspiracy. See Swartz v. Matal, No. 1:17–cv–482, 2017 WL 3611715, at *8 (E.D. Va. Aug. 22, 2017) ("None of the specified criminal statutes [including § 371] contain a waiver of sovereign immunity and plaintiff does not claim that the federal government has in fact waived its immunity with respect to these criminal claims").

Accordingly, Ms. Brown's claims against the United States (including those asserted against the individual defendants in their official capacities) are barred by sovereign immunity and should be dismissed.

### C. Failure to State a Claim

Though Ms. Brown has attempted to assert a claim for conspiracy, such a claim cannot be maintained. <u>Bey ex rel. Graves v. Richmond Redevelopment & Hous. Auth</u>., No. 3:13CV464-HEH, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) ("18 U.S.C. § 371 criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy").

To the extent Ms. Brown's other claims are legally recognized, Ms. Brown's allegations are too threadbare and implausible to support those claims. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

### III. The Motion to Deem Allegations Admitted

Through this Motion, Ms. Brown moves for the entry of "an Order deeming the allegations admitted for all purposes during the pendency of these proceedings." Doc. 32.

For the reasons stated by Defendants, and in the undersigned's prior denial of Ms. Brown's previous Motion to Show Authority (Doc. 31), the

10

Case 3:22-cv-00617-KDB-WCM  Document 41  Filed 05/02/23  Page 10 of 13

undersigned will recommend that the Motion to Deem Allegations Admitted be denied.[5]

## IV. The Motion for Summary Judgment

Finally, Ms. Brown has moved for summary judgment "on the basis that the record in this case demonstrates that there is a failure to plead or otherwise defend as provided by law…." Doc. 37 at 1. Ms. Brown cites Rule 55 of the Federal Rules of Civil Procedure, which pertains to default judgments, as the legal basis for her request. Id.

However, Defendants have filed Motions to Dismiss. See Jaffe v. Accredited Surety and Casualty Co., Inc., 294 F.3d 584, 589 (4th Cir. 2002) (noting that filing motion to dismiss constitutes "defend[ing]" for the purposes of avoiding default judgment). Further, as discussed above, the undersigned concludes that the Motions to Dismiss should be granted. Therefore, the undersigned will also recommend that the Motion for Summary Judgment be denied.

## V. Recommendation

For the reasons set forth herein, the undersigned **RESPECTFULLY RECOMMENDS**:

---

[5] As this request appears to seek relief that goes to the merits of the case, the undersigned has addressed it through this Memorandum and Recommendation rather than by a direct ruling.

1. That the Motion to Dismiss by the United States and Executive Branch Officials (Doc. 17) and the Motion to Dismiss by the United States and Judicial Branch Officials (Doc. 21) be **GRANTED**, and that Ms. Brown's Complaint be **DISMISSED**;

2. That Ms. Brown's "Motion to Deem Allegations Admitted" (Doc. 32) be **DENIED**; and

3. That Ms. Brown's Motion for Summary Judgment (Doc. 37) be **DENIED**.

Signed: May 2, 2023

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).