IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00617-KDB-WCM

CARISSA BROWN,

    Plaintiff,

v.

UNITED STATES, ET AL.,

    Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 17, 21), Plaintiff's[1] Motions to Deem Allegations Admitted and Motion for Summary Judgment (Doc. Nos. 32, 37), the Memoranda and Recommendations ("M&R") of the Honorable United States Magistrate Judge W. Carleton Metcalf to resolve these motions in favor of Defendants, (Doc. No. 41), Plaintiff's objections to the M&R (Doc. No. 43) and Plaintiff's proposed Amended Complaint (Doc. No. 44). The Court has carefully considered these motions, the M&R, and the parties' filings and other pleadings of record in this action. The Court concludes after its *de novo* review that the recommendations in the M&R to grant the Motions to Dismiss and deny Plaintiff's motions are correct and in accordance with law because, for the reasons thoroughly discussed in the M&R, the individual Defendants have judicial and prosecutorial

---

[1] The Complaint designates Carissa Brown as Plaintiff, describing Henry Brown as her "counsel" and "consort." Doc. No. 1 at pp. 1-2. The Motion to Deem Allegations Admitted and Motion for Summary Judgment lists both Carissa Brown and Henry Brown as Plaintiffs. *See* Doc. Nos. 32, 37. The proposed Amended Complaint includes Henry Brown as an additional Plaintiff, but, like the initial Complaint does not assert any specific claim on his behalf or describe the grounds on which he could be a co-plaintiff with respect to Carissa Brown's claims arising out of her arrest and imprisonment. *See* Doc. No. 44. Accordingly, the Court will refer to Ms. Brown as the sole Plaintiff in this action.

1

immunity, the United States has sovereign immunity and any surviving causes of action fail to state a claim on which relief may be granted. *See* M&R at pp. 4-11. Further, the Court will construe Plaintiff's *pro se* filing of an Amended Complaint as a Motion to Amend the Complaint under Fed. R. Civ. Proc. 15(a)(2), which it will also deny. The Amended Complaint asserts the same claims and alleges the same facts as the initial Complaint. Thus, the proposed amendment would be futile and should not be allowed. *See Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (*quoting Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986), *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (Leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile.").

## ORDER

NOW THEREFORE IT IS ORDERED THAT:

1. The findings and conclusions of the Magistrate Judge in the M&R, (Doc. No. 41), are adopted;

2. Defendants' Motions to Dismiss (Doc. Nos. 17, 21) are **GRANTED;**

3. Plaintiff's Motions to Deem Allegations Admitted and Motion for Summary Judgment (Doc. Nos. 32, 37) are **DENIED;**

4. Plaintiff's objections to the M&R (Doc. No. 43) are **OVERRULED**;

5. Plaintiff's request to file an Amended Complaint (Doc. No. 44) is **DENIED**; and

6. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Kenneth D. Bell
United States District Judge